IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| COACH, INC., A MARYLAND CORPORATION; COACH SERVICES, INC., A MARYLAND CORPORATION, <br><br>         PLAINTIFFS, <br><br>   V. <br><br> LIRON, INC. dba SUN RAYZ, A SOUTH CAROLINA CORPORATION; DAVID ARRAR, AN INDIVIDUAL, AND DOES 1-10; INCLUSIVE <br><br>         DEFENDANTS. | **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

Plaintiffs Coach, Inc., and Coach Services, Inc. ("Plaintiffs" or "Coach") for their claims against Defendant Liron, Inc. dba Sun Rayz, ("Sun Rayz")  a South Carolina limited liability company, and David Arrar ("Arrar"), an individual, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs file this action against Defendants for trademark counterfeiting, trademark infringement and trade dress infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the South Carolina.

2.      This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

3.      This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, the acts complained of occurred in this judicial district, and/or Defendants have certain minimum contacts with South Carolina such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice by virtue placing the products at issue into the stream of commerce within the State of South Carolina.

4.      This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida. Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

6.      Upon information and belief, Defendant Sun Rayz is a corporation duly organized and existing under the laws of the state of South Carolina with an office and principal place of business located at 1306 Enterprise Ave., Unit C, Myrtle Beach, SC 29577.  Upon information and belief, Sun Rayz also maintains an office at 715 N. Ocean Boulevard, Myrtle Beach, SC 29577.

7.      Upon information and belief, Defendant Arrar is an individual residing in Horry County, South Carolina.  Upon further information and belief, Arrar is the owner and president of Sun Rayz.

8.      Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

<u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

**A.    The World Famous Coach Brand and Products**

10.     Coach was founded over seventy years ago as a family-run workshop in Manhattan, New York. Since then Coach has been engaged in the design, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches. Coach sells its goods through its own specialty retail stores, department

3
**Complaint for Damages**

stores, catalogs and via an Internet website www.coach.com throughout the United States, including South Carolina.

11.    Coach has used a variety of legally-protected trademarks, design elements and copyrights for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint.

12.    Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks. As a result, products bearing the Coach Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales reaching nearly four billion dollars

**B.    The Coach Trademarks**

13.    Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps | September 19, 1997 | **COACH** |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | **COACH** |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | **COACH** |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass | May 15, 2001 | **COACH** |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| | | Cases | | |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | **COACH** |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | **COACH** |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | **COACH** |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | **COACH** |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | **COACH** |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | **COACH** |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | **COACH** |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | **COACH** |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | **COACH** |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | **COACH** |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | **COACH** |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | **COACH** |
| 3,908,558 | POPPY | 09 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 |  |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 |  |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 |  |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 |  |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 |  |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 |  |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 |  |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, | September 24, 2002 |  |

**Complaint for Damages**

| Reg. No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| | | tote bags, and wallets. | | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye goods, glass cases, leather | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 3,779,466 | COACH OP ART | 6, 9, 14, 16, 18, 25 for *inter alia* key fobs, glasses, jewelry, daily planners, backpacks, billfolds, and belts. | April 20, 2010 | COACH OP ART |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 |  |

**Complaint for Damages**

| Reg. No. | Mark | Classes | Date of Registration | Image |
|----------|------|---------|----------------------|-------|
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 | |

14.    Coach has long been designing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. These registrations are valid and subsisting and the majority are incontestable. All

registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

15.     The registration of the Coach trademarks constitutes prima facie evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

16.     The registration of the Coach Trademarks also provides constructive notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

17.     The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

18.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill. Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

**C.     Defendants' Infringing Conduct**

19.     Upon information and belief, Defendant Sun Rayz, is a business engaged in the importation and wholesale of eyewear and accessories.

20.     In or around May, 2014, Coach discovered that products bearing marks and designs substantially indistinguishable from or confusingly similar to one or more of the Coach Trademarks ("Infringing Products") were being offered for sale by Sun Rayz.

21.     The Infringing Products bear a pattern/design intended to mimic the Coach Trademarks, including but not limited to the Signature "C" Mark depicted above.

22.     The Infringing Products include, ***but are not limited to***, the following products:









**Complaint for Damages**

23.    Upon information and belief, Sun Rayz sells a variety of other products which infringe upon Coach's intellectual property.  Coach will amend the Complaint to include such items as they are disclosed during discovery.

24.    Upon information and belief, Sun Rayz offers for sale such Infringing Products through a variety of means, including but not limited to its sales catalog and its website: www.sun-rayz.com.

25.    The Sun Rayz catalog urges the reader to "Compare our price to" those of various eyewear and accessories designers, including but not limited to Chanel, Dior, Prada, and Gucci.  Marginalized to the bottom of the same catalog page and printed in miniscule font is the following statement:

> "Sun Rayz is NOT ASSOCIATED with Adidas, Anarchy, Anette, Aviators, Black Flys, Bolle, Brighton, Calvin Klein, Cartier, Chanel, Chopper, Christian Dior, Coach, Diesel, DKNY, Dolce & Gabbana, Dragon, Fendi, Gargoyles, Gucci, Guess, Harley, Juicy, Kenneth Cole, Killer Loop, Liz Claiborne, Locs, Luis Vuitton, Maui Jim, Nautica, Nike, Prada, Ralph Lauren, Ray Ban, Revo, Roxy, Serengeti, Smith, Spy, Versace Vogue or the mentioned name brands.  Our products may be comparable in quality in style, but these are NOT the authentic or genuine name brand items.  The products we offer are not fake with the company trademarks on them, but are inspired by and comparable to the designer trademarked name.  Our products are NOT ORIGINAL and we do not represent them to be and they are NOT EXACT COPIES; so they do not violate any copyright laws...

26.    It is reasonable to conclude from the aforesaid "disclaimer" that Sun Rayz is aware of the intellectual property rights of various accessories designers and willfully infringes said rights.

27.    Upon information and belief, Sun Rayz sells the Infringing Products to certain retailers, which in turn sell the Infringing Products to the consuming public.  If necessary, Coach will amend this Complaint to identify such retailers.

28.     Upon information and belief, Defendant Arrar is an owner, officer, director, and/or principal of Sun Rayz and is the active, moving, conscious force behind the alleged infringing activities.

29.     Defendants are not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks or trade dresses.

## FIRST CLAME FOR RELIEF
### (Federal Trademark Counterfeiting)

30.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

31.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks in interstate commerce.

32.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

33.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Trademarks.

34.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

35.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

36.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

37.    Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

38.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

39.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40.    Plaintiffs' Coach Trademarks are nationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

41.    The registrations embodying the Coach Trademarks are in full force and effect and Plaintiffs have authorized responsible manufacturers and vendors to sell merchandise with these marks.

42.    Defendants' unauthorized use of the Coach Trademarks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and serves are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods and are of the same quality as that assured by the Coach Trademarks.

**Complaint for Damages**

43.     Defendants' infringing use of the Coach Trademarks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

44.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

45.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

46.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

47.     Plaintiffs have no adequate remedy at law.

48.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

**Complaint for Damages**

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement)

49.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50.     Coach has used the Signature "C" Mark in association with the sale of goods in since as early as 2001.  A substantial portion of Coach's products feature the Signature "C" Mark Mark in a repeating pattern in various sizes, colors, and patterns ("CC Design")

51.     The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

52.     Defendants' unauthorized use of the CC Design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

53.     Defendants' use of the CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

54.     Defendants' use of the CC Design is likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

55.     Plaintiffs have no adequate remedy at law.

56.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Design, or any designs identical or

confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## <u>FOURTH CLAIM FOR RELIEF</u>

### (False Designations of Origin and False Advertising)

57.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58.    The Coach Trademarks and CC Design are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

59.    Defendants' unauthorized use of Plaintiffs' Coach Trademarks and CC Design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

60.    Defendants' use of Plaintiffs' Coach Trademarks and CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

61.    Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

62.    Plaintiffs have no adequate remedy at law.

**Complaint for Damages**

63.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Trademarks and CC Design, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Unfair Competition Under South Carolina Trade Practices Act, S.C. Code § 39-5-10 *et seq.* )

64.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

65.      This claim arises under South Carolina Unfair Trade Practices Act, S.C. Code §  39-5-10 et seq. ("SCUTPA") for willful and deliberate unfair competition against Defendants.

66.     Defendants' wrongful acts alleged herein create a likelihood of confusion, mistake, or deception among consumers between Plaintiffs goods and services and those offered by Defendants in connection with the Coach Trademarks.

67.     Defendants' wrongful acts alleged herein adversely affect the public interest because such acts have the potential for repetition and the public's ability to rely on trademark law is undermined by such conduct.

68.      At the time Defendants began using the Coach Trademarks, Defendants had constructive notice of same under 15 U.S.C. § 1072.

69.     Defendants knew, or should have known, that their use of Coach Trademarks in connection with restaurant and bar services, in addition to related

**Complaint for Damages**

goods and services, would cause confusion, mistake, or deception among consumers of those services.

70.    Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of Plaintiffs' extensive advertising, consumer recognition, and goodwill associated with their Coach Trademarks.

71.    By reason of Defendants' wrongful acts alleged herein, Plaintiffs have suffered and are continuing to suffer damage to their business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendants are affiliated with, sponsored by, approved by, or originate from Coach.

72.    As a result of Defendants' wrongful acts alleged herein, Coach has suffered and is continuing to suffer irreparable injury. Plaintiffs cannot  be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law.  Coach is entitled to preliminary and permanent injunctive relief.

73.    Because Defendants' wrongful acts alleged herein constitute unfair and deceptive acts and business practices in violation of SCUPTA, Plaintiffs are entitled to an award of damages, treble damages, and attorney's fees.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A.    Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

1. Using the Coach Trademarks and CC Design or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

2. Using any of Coach's federally registered trademarks, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

3. Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

4. Otherwise infringing upon Coach's federally registered trademarks and/or trade dresses;

5. Unfairly competing with Coach.

B. Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D. Ordering Defendants to disgorge their profits;

E. Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

F. Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

**Complaint for Damages**

G.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

H.    Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c).

I.    Awarding Plaintiffs punitive damages in connection with their claims under South Carolina law; and

J.    Awarding Plaintiffs such other and further relief as the Court deems just and proper.

This the 12th day of August, 2014.

> S/ M. HEATH GILBERT, JR.
> M. HEATH GILBERT, JR., FED ID # 10760
> ***Attorney for Plaintiffs***
> ***Coach, Inc. and Coach Services, Inc.***
> P.O. Box 35246
> Charlotte, NC 28235
> 704-376-6527
> 704-376-6207 (F)
> hgilbert@baucomclaytor.com

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all claims in this litigation.

S/ M. HEATH GILBERT, JR.
M. HEATH GILBERT, JR., FED ID # 10760
***Attorney for Plaintiffs***
***Coach, Inc. and Coach Services, Inc.***
P.O. Box 35246
Charlotte, NC 28235
704-376-6527
704-376-6207 (F)
hgilbert@baucomclaytor.com